# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| HERBERT J. BROWN,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-0714-20-0391-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　Agency. | DATE: July 29, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Raymond Mitchell, Columbia, South Carolina, for the appellant.

Mary Bea Sellers, Esquire, Montgomery, Alabama, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed the appellant's removal pursuant to 38 U.S.C. § 714. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2     The appellant filed an appeal of his removal, and the administrative judge held a hearing. Initial Appeal File (IAF), Tabs 1, 16. The administrative judge issued a July 21, 2020 initial decision affirming the agency's action. IAF, Tab 20, Initial Decision (ID). The initial decision specifically stated that the deadline to file a petition for review was August 25, 2020, and provided information on how to file a petition for review. ID at 12-13. The appellant filed a petition for review, which the Board received on December 18, 2020. Petition for Review (PFR) File, Tab 1 at 1. The petition for review is dated December 9, 2020, and the envelope in which it was mailed bears a December 11, 2020 postmark. *Id.* at 1, 4.

¶3     The Acting Clerk of the Board notified the appellant that, because he filed his petition after August 25, 2020, i.e., over 35 days following the issuance of the July 21, 2020 initial decision, it was untimely filed. PFR File, Tab 2 at 1. The letter explained to the appellant that the Board's regulations require a petition for review that appears untimely be accompanied by a motion to accept the filing as timely and/or to waive the time limit for good cause. *Id.* at 2. The letter set a deadline of January 2, 2021 for the appellant to submit the motion. *Id.* The appellant did not file the required motion concerning the timeliness of his petition for review. The agency has filed a response to the appellant's petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4     A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the initial decision was issued, within 30 days after the date the appellant received the initial decision. 5 C.F.R. § 1201.114(e). The Board will waive this time limit only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of a petition, a party must show that he exercised due

diligence or ordinary prudence under the particular circumstances of the case. *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 4 (2009) (citing *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980)). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file his petition. *Id*. (citing *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table)).

¶5     Here, as noted above, the deadline for filing a petition for review was August 25, 2020, and the envelope containing the petition for review bears a December 11, 2020 postmark, making it 108 days late. ID at 12; PFR File, Tab 1 at 4. Although the Clerk afforded the appellant the opportunity to prove that his petition for review was timely filed or show good cause for the untimely filing, the appellant has not responded. PFR File, Tab 2 at 2.

¶6     The appellant's representative wrote in the unsworn petition for review that the appellant did not receive the July 21, 2020 initial decision until November 2020, after he requested a copy of the decision from the Board. PFR File, Tab 1 at 1. The certificate of service for the initial decision indicates that on July 21, 2020, the regional office served the initial decision on the appellant at his address of record by the U.S. Mail. IAF, Tab 21; IAF, Tab 1 at 5. Although the appellant's representative claims that the appellant did not receive the mailed copy of the initial decision served on him, PFR File, Tab 1 at 1, there is nothing in the record from the appellant himself regarding when he received the initial decision, and his representative lacks first-hand knowledge of when the appellant received the initial decision. Moreover, the statement of the appellant's representative, as noted above, is not sworn, and therefore does not constitute

evidence of when the appellant received the initial decision. PFR File, Tab 1 at 1; *Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995) (observing that the statements of a party's representative in a pleading do not constitute evidence). Additionally, there is nothing in the record to indicate that the copy of the initial decision served on the appellant was returned to the Board as undelivered.

¶7        Furthermore, the certificate of service for the initial decision indicates that the regional office served the initial decision on the appellant's representative by electronic mail, IAF, Tab 21, and the representative does not assert that he failed to receive that copy of the initial decision. Service on a party's designated representative under these circumstances will be imputed to the party. *See, e.g.*, *Laboy v. U.S. Postal Service*, 103 M.S.P.R. 570, ¶ 6 (2006) (observing that electronic service on an appellant's representative will be imputed to the party); *Lima v. Department of the Air Force*, 101 M.S.P.R. 64, ¶ 5 (2006) ("[s]ervice on a party's designated representative will be imputed to the party"). Therefore, the appellant is imputed to have received the decision through his representative.

¶8        An appellant whose petition for review is filed late, but does not file the required motion concerning the timeliness of his petition for review has failed to show the due diligence and ordinary prudence necessary for the Board to find good cause for his delay in filing. *Galleno v. Office of Personnel Management*, 63 M.S.P.R. 440, 442 (1994) (finding that an appellant who filed her petition for review 4 months late, and failed to file the required motion on timeliness, failed to show good cause for waiver of the filing deadline), *aff'd*, 48 F.3d 1236 (Fed. Cir. 1995) (Table); *see Goldberg v. Department of Defense*, 39 M.S.P.R. 515, 518 (1989) (stating that in the absence of good cause shown, the Board will not waive its timeliness requirements even if the delay is minimal); *Mejia v. Office of Personnel Management*, 38 M.S.P.R. 472, 473 (1988) (finding that, where the appellant failed to respond to the Clerk's notice concerning the timeliness of his petition for review and his untimely filing did not include a motion for waiver of

the time limit or an affidavit or statement to establish good cause, the appellant has not demonstrated good cause for the untimely filing).  As explained above, the appellant filed his petition for review 108 days late.  ID at 12; PFR File, Tab 1 at 1, 4; 5 C.F.R. § 1201.114(e).  Because the appellant failed to file the required motion, as was explained in the Acting Clerk's December 18, 2020 letter acknowledging his petition for review, we find that he has failed to establish good cause for the waiver of the time limit.  PFR File, Tab 2 at 1-2; *Galleno,* 63 M.S.P.R. at 442; *Goldberg*, 39 M.S.P.R. at 518; *Mejia*, 38 M.S.P.R. at 473.

¶9        Accordingly, we dismiss the petition for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the appellant's removal appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

FOR THE BOARD:                  _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.